BERSCHLER ASSOCIATES, PC
ARNOLD I. BERSCHLER [SNB 56557]
HILDA CAROLINA BABBIDGE [SNB 330376]
22 Battery Street, Suite 810
San Francisco, CA 94111
Tel. 415-398-1414
Fax 415-398-1410

Attorneys for WILLIAM EDLEE FORRESTER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM EDLEE FORRESTER,<br><br>                Plaintiff,<br><br>  v.<br><br>UNITED STATES OF AMERICA,<br>                Defendant | CASE NO.<br><br>**COMPLAINT FOR DAMAGES** |

Plaintiff William Edlee Forrester ("PLAINTIFF") hereby files this Complaint for money damages exceeding $690,000, against United States of America ("DEFENDANT"), and alleges as follows:

**SUBSTANTIVE AND VENUE JURISDICTION**

1. This action arises under the Federal Tort Claims Act, 28 U.S.C. §§ 2671, et seq., and this Court has jurisdiction under the provisions of 28 U.S.C. § 1346(b).

2. Mr. Forrester is a resident of the County of San Francisco, State of California and the conduct on which this action is based occurred in the City and County of San Francisco, California. Thus, venue is properly laid in this Court.

3. Because this action arises from events and omissions that occurred in the County of San Francisco, pursuant to Civil L.R. 3-2(c), the appropriate intradistrict assignment would be the San Francisco Division of this Court.

4. On information and belief, DEFENDANT employed Nelson Fong ("MR. FONG") by and through Unites States Postal Service ("USPS"), an agency of DEFENDANT.

5. At all times herein mentioned, MR FONG, was acting in the course and scope of employment for USPS when operating the complained mail truck.

6. On July 11, 2019, PLAINTIFF submitted claims that are the subject to this civil action to the USPS. On April 29, 2020, USPS rejected his claim.

## OPERATIVE FACTS

7. On or about July 3, 2018, MR. FONG, was driving DEFENDANT'S complained mail truck when he unlawfully double-parked in the westbound traffic lane on the Lombard Street in violation of California Vehicle Code §22500(h), parallel to PLAINTIFF'S friend's two-door sedan.

8. The complained sedan was parked in the curb of Lombard Street near its intersection with Mason Street. MR. FONG double-parked the complained mail truck too close to the sedan, interfering with the ability to open the driver side door.

9. At all relevant times, the sedan's passenger side door was broken, and could not be opened from the outside. Mr. Forrester needed to access the sedan from the street side. To do this, he was compelled to walk between the truck and the sedan, to partially open the driver-side door and reach into the sedan. As Mr. Forrester was in this position, MR. FONG jumped into the truck and immediately drove off, not checking for possible obstructions to the right of the truck. This caused the right side of the mail truck to snag the after edge of the driver's door bending it and proximately injuring Mr. Forrester.

10. By reason of the foregoing premises, and as a legal result, Mr. Forrester proximately suffered personal injuries, some of which are believed permanent, including to his head, knee and spine.

////

2

COMPLAINT FOR DAMAGES

**FIRST CAUSE OF ACTION**

**[Negligence]**

11. PLAINTIFF incorporates all of the general allegations by reference, as are fully set forth at length herein.

12. At all relevant times herein mentioned, the United States of America owed a duty of reasonable care to manage, maintain, drive and repair, the complained mail truck MR. FONG was operating.

13. At all relevant times herein mentioned, the United States of America by and through MR. FONG owed a duty of reasonable care to Mr. Forrester to, inter alia, properly and safely operate the complained mail truck for the benefit of pedestrians, including Mr. Forrester, at all relevant times.

14. At all relevant times herein mentioned, the United States of America by and through MR. FONG owed a duty of reasonable care to Mr. Forrester, inter alia, to not block ingress into the sedan, which duty was violated in the premises, rendering DEFENDANT negligent per se.

15. At all relevant times herein mentioned, The United States of America by and through Mr. Fong knew or in the exercise of reasonable care should have known, that the failure and breach of said duty was likely to cause injury or damage to other persons or property, including Mr. Forrester.

16. By his acts and omissions, MR. FONG, breached a duty to operate the complained mail truck in a safe and lawful fashion, thereby legally causing or allowing said vehicle to collide with Mr. Forrester's friend's sedan.

17. At all times herein mentioned, United States of America is liable to the Mr. Forrester by the fact that MR. FONG was driving a vehicle owned by the United States of America and by the fact that MR. FONG was acting within the course and scope of said employment at the time the collision occurred.

18. By reason of and as a legal result of the forgoing breaches of duties, United States of America is liable for the injuries and damages Mr. Forrester suffered including:

      a) Physical pain and suffering, distress and loss of life pleasures, all in the past and in the future;

      b) Healthcare treatment expenses, all in the past and in the future;

      c) Loss of earnings or earning capacity.

All in sums now unknown. Leave is prayed to insert specific sums when known.

WHEREFORE, Plaintiff Forrester prays for judgment against Defendant United States of America as set out below.

**PRAYER**

WHEREFORE, Plaintiff Forrester prays for judgment against Defendant United States of America for damages:

    1) For general damages according to proof.

    2) For special damages according to proof.

    3) For costs of suit incurred herein.

    4) For such other further relief as the Court may deem proper and just.

Dated: October 19, 2020

*Hilda C. Babbidge*
_____
ARNOLD I. BERSCHLER
HILDA CAROLINA BABBIDGE,
attorneys for PLAINTIFF WILLIAM
EDLEE FORRESTER.

4

COMPLAINT FOR DAMAGES